

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 4, 1951

Hon. H. Clyde McLendon
County Attorney
Zavala County
Crystal City, Texas

Opinion No. V-1180

Re: Legality of creating
a water control and im-
provement district com-
posed of Uvalde and
Zavala Counties to con-
tract with a rain making
company to increase the
normal rainfall.

Dear Sir:

We refer to your request which reads in part as follows:

"'Under existing statutes and consti-
tutional provisions, would it be lawful to
form or create a water control and improve-
ment district composed of the whole of
Uvalde and Zavala Counties for the purpose
of contracting with a rainmaking company to
increase the normal rainfall over said dis-
trict, having the power to levy and collect
a tax on all property in the district to pay
the costs of the rain increasing contract?'"

Section 59 of Article XVI, Constitution of Texas,
provides:

"(a)  The conservation and development of
all of the natural resources of this State,
including the control, storing, preservation
and distribution of its storm and flood wa-
ters, the waters of its rivers and streams,
for irrigation, power and all other useful
purposes, the reclamation and irrigation of
its arid, semi-arid and other lands needing
irrigation, the reclamation and drainage of
its over-flowed lands, and other lands need-
ing drainage, the conservation and develop-
ment of its forests, water and hydro-electric
power, the navigation of its inland and coast-
al waters, and the preservation and conserva-
tion of all such natural resources of the State

are each and all hereby declared public rights and duties; and the Legislature shall pass all such laws as may be appropriate thereto.

"(b)  There may be created within the State of Texas, or the State may be divided into, such number of conservation and reclamation districts as may be determined to be essential to the accomplishment of the purposes of this amendment to the constitution, which districts shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject matter of this amendment as may be conferred by law.

"(c)  The Legislature shall authorize all such indebtedness as may be necessary to provide all improvements and the maintenance thereof requisite to the achievement of the purposes of this amendment, and all such indebtedness may be evidenced by bonds of such conservation and reclamation districts, to be issued under such regulations as may be prescribed by law and shall also, authorize the levy and collection within such districts of all such taxes, equitably distributed, as may be necessary for the payment of the interest and the creation of a sinking fund for the payment of such bonds; and also for the maintenance of such districts and improvements, and such indebtedness shall be a lien upon the property assessed for the payment thereof; provided the Legislature shall not authorize the issuance of any bonds or provide for any indebtedness against any reclamation district unless such proposition shall first be submitted to the qualified property tax-paying voters of such district and the proposition adopted."

Article 7880-3, V.C.S., provides in part:

"Water Control and Improvement Districts may be organized under the provisions of Section 59, of Article 16 of the Constitution for any one or more of the purposes therein provided as follows:

"'Including the control, storing, pre-
servation and distribution of its waters and
flood waters, the waters of its rivers and
streams, for irrigation, power and all other
useful purposes, the reclamation and irriga-
tion of its arid, semi-arid and other lands
needing irrigation, the reclamation and drain-
age, the conservation and development of its
forests, waters and hydro electric power, the
navigation of its coastal and inland waters,
and the preservation and conservation of all
such natural resources of the State,'; . . ."

Moisture in the air does not appear to be a natural
resource within the terms and meaning of the above-quoted
constitutional provision. Therefore, it is our opinion that
a water control and improvement district may not be created
for the purpose of contracting with a rain-making company
to increase the normal rainfall over such area.

## SUMMARY

There is no statutory or constitutional
authority for the creation of a water control
and improvement district for the purpose of
contracting with a rain-making company to
increase the normal rainfall over the dis-
trict.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

BA:mw

Yours very truly,

PRICE DANIEL
Attorney General

By Bruce Allen
Bruce Allen
Assistant